[Civ. No. 4224. Third Appellate District.—December 18, 1930.]

CLARA L. WOLFE, Respondent, v. WILLARD H. GEORGE, INC. (a Corporation), Appellant.

George DeLany Blair for Appellant.

Steadman G. Smith for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment for the sum of $1250 for conversion of fur garments which were stored with the appellant as a depositary for hire.

The appellant was engaged in the business of a bailee of goods for hire. The respondent owned five fur garments. June 10, 1924, these garments were deposited with the appellant for hire, to be kept for the benefit of the respondent and returned to her upon demand therefor. October 17, 1924, and upon several subsequent occasions prior to November 5, 1924, the respondent demanded an immediate delivery of the garments. The appellant promised to return the furs on October 20, 1924, but failed to do so at that time, or at all. After several demands on the part of the owner for a return of the property and a delay of eighteen days, Harold Chrisman, a young man who was employed with the appellant, attempted to return them with an automobile on November 5, 1924. He testified that the machine was held up en route and that he was robbed of the furs. He said: "I stopped at Fifth and Commonwealth to a house, delivered a coat, come back. There was two men coming down the street. Just as I was going, practically getting up to the car, one fellow said, 'I got you covered'. I didn't hear him at first, I looked and saw the gun at the time. So he told me, 'Get in the car and have a ride'. So I got in the car. The other fellow—one fellow drove, the other come around to the back seat, he put a gun to the back of my neck. We drove around from three o'clock until six. They let me out at Fourth and Commonwealth, told me to walk three blocks and not look around. Then I called the police. . . . They drove around to a vacant lot, one of the fellows got out, went back and told me to unload the furs on the curb. I unloaded the furs at the curb, waited a few minutes. He gave a signal, and there was also four men in the back. So then I drove around a couple of blocks. . . . They told me to get out and walk three blocks and then I could do as I pleased."

This story seems improbable. It will be observed that Chrisman contradicts himself. He first says, "one fellow drove, the other come around to the back seat, he put a gun to the back of my neck". Later, he says, "So then

I drove around a couple of blocks''. It also seems strange that they started from Fifth and Commonwealth and that they ''drove around from three o'clock until six'', three hours, and then landed ''at Fourth and Commonwealth'' within a block of their starting point. However, this evidence of the robbery was not refuted. The court found that the furs were stolen. All the other material issues were found in favor of the respondent, including the fact that the furs were worth $1250. Judgment was rendered for that amount. This appeal was then perfected.

The appellant asserts that the evidence fails to support the judgment and findings because, (1) it does not appear the depositary *refused* to return the furs to the owner when their possession was demanded, (2) the garments were stolen through no fault or negligence on the part of the depositary, and (3) the market value of the property was not established.

■ The appellant was bailee of the garments for hire. It was not an insurer of the property. Under such circumstances as the present case presents, the bailee is bound to exercise ordinary care to keep and preserve the property in the same condition in which it is received (sec. 1852, Civ. Code; 4 Cal. Jur. 22, sec. 13; *England* v. *Lyon Fireproof Storage Co.*, 94 Cal. App. 562 [271 Pac. 532], and to return the garments to the owner when the bailment is terminated, or upon demand. ■ In the absence of an agreement as to the length of time during which a deposit is to continue, it may be terminated by the depositor at any time. (Sec. 1854 Civ. Code.) ■ It is a sufficient excuse for nondelivery of property deposited as a bailment that it was lost or stolen, before the bailment is terminated, without fault or negligence on the part of the bailee. (4 Cal. Jur. 22, sec. 13; 6 C. J. 1140, sec. 93.) ■ A refusal on the part of the bailee to deliver chattels to the owner when the bailment is terminated by lapse of time or upon notice constitutes *prima facie* evidence of a conversion thereof. (38 Cyc. 2031, subd. C.) ■ Failure to return property to the owner for an unreasonable length of time after a bailment is terminated by notice or otherwise, places the burden on the bailee to show good cause for detaining the property. An unwarranted failure to return property after the termination of a bailment may constitute wrongful acts of dominion antagonistic to the

owner's title and right of possession, amounting to conversion. ▪ The period of time and the circumstances which will constitute conversion of property wrongfully withheld from the owner are largely questions of fact for the determination of the court or jury. ▪ A theft of goods subsequent to the termination of a bailment furnishes no excuse for unwarranted and wrongful delay in restoring the property to the owner after adequate demand therefor.

In the case of *Durell* v. *Mosher*, 8 Johns. (N. Y.) 445, where the defendant had taken some sheep from the plaintiff's flock, supposing that they belonged to him, and subsequently promised to return them but failed to do so, the court said: "Though a demand and refusal of the sheep was not proved, yet the promise by the defendant to return them, and a failure to do so, was evidence of a conversion."

In the case of *Lay's Exr.* v. *Lawson's Admr.*, 23 Ala. 377, a slave who was held as a bailment was not returned to the owner when the bailment terminated. The slave subsequently died while he was retained by the bailee. In a suit of trover against the bailee, the court said: "The bailment . . . terminated when the objects for which it was made were accomplished, and it then devolved upon the party in possession . . . to return the slave . . . , Story on Bailments, sec. 414; *Benje* v. *Creagh's Admr.*, 21 Ala. 151. As to him, therefore, the plaintiff was entitled to recover damages."

▪ In the present case the appellant was engaged in the business of storing goods for hire. At least four specific demands for the prompt delivery of the garments were made upon the bailee by the owner. A delay of eighteen days followed the first demand before any attempt to return them was made. There was a definite promise on the part of the appellant to deliver them on October 20th. This promise was not fulfilled. No satisfactory excuse for the unwarranted delay in attempting to deliver the goods was offered by the appellant. A prompt delivery of the furs, upon demand, would probably have avoided the theft.. These circumstances constitute negligence.

There is substantial evidence upon which the court was warranted in finding this negligent and wrongful delay amounted to a conversion.

There is also ample evidence of the market value of the furs at the time of the conversion. Several witnesses testified to the value of such furs. There was evidence of the approximate original cost of the furs and the condition thereof. An appraisement of their value was furnished the respondent by Mr. Ayling, the secretary of the corporation appellant. It contained the following language and valuations:

"In executing this appraisal of merchandise, we use our best judgment based upon our experience and the market value at the time of appraisal . . .

"Willard H. George
Furs
Los Angeles, Calif.

Name Mrs. H. C. Wolfe
Address Windemere Hotel, Chicago, 6–11–24
Insurance Broker

Blaine Appraiser.

| Description | Value |
| --- | --- |
| Persian broadtail coat 46″ long 92″ sweep 10″ Kolinsky chin collar | $2000.00 |
| Hudson seal jacquette 28″ deep 10″ civit chin collar | 450.00 |
| 2 skin dyed Hudson Bay Sable scarf | 250.00 |
| 4 drop skin Hudson Bay Sable muff | 300.00 |
| Silver fox scarf, animal style | 450.00 |
| 7 skin flat mink muff | 300.00″ |

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 17, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1931.